# WHEELING.

## STATE v. COOPER.

Submitted June 23, 1885.—Decided July 9, 1885.

1. Our statute, authorizing the State to obtain and prosecute writs of error in this Court from judgments of the circuit courts in revenue cases, is constitutional and valid.

2. A new trial ought to be granted, on the ground that the verdict is contrary to the evidence or the facts proved, only in cases of plain deviation from right and justice, not in a doubtful case merely because the court, if it had been on the jury, would have gived a different verdict.

3. If in such case, the question depends upon the weight of testimony, or inferences and deductions from facts proven, the jury and not the court, are exclusively and uncontrollably the judges.

4. A case, in which the judgment of the circuit court setting aside the verdict of the jury and granting a new trial, is reversed, because the facts proved were, in themselves, equivocal and inconclusive and the verdict, necessarily, dependent upon inferences to be drawn from these facts.

The facts of the case will be found in the opinion of the Court.

*R. C. McClaugherty* for plaintiff in error.

*Alfred Caldwell,* Attorney-General, for the State.

I submit to the court that the writ of error in this case was improvidently awarded, for the reason that no final judgment had been rendered. The Code, ch. 135, § 1, as amended by ch. 157, Acts 1882, provides that a writ of error or *supersedeas* may be granted by the Supreme Court of Appeals: "Tenth.—In a criminal case, where there has been a conviction," &c. This is a criminal case, and there has been no conviction in it. It is only in civil cases that an appeal may be taken from an order granting a new trial. (Code, ch. 135, § 1, as amended ch. 157, Acts 1882.)

The statute authorizing writs of error by the State in revenue cases is constitutional. (*State* v. *Allen,* 8 W. Va. 680; *State* v. *Fitzpatrick, Id.* 707; *State* v. *Kyle, Id.* 711.)

The Constitution of 1863 contains a similar provision to the one invoked in this case; yet in *State* v. *Church* (4 W. Va. 745,) no question seemed to arise in the minds of the court as to the constitutionality of the law.

The Constitution simply prohibits the re-examination of the facts tried by a jury otherwise than by the setting aside of the verdict and the granting of a new trial or by proceedings in error in an appellate court. (*Barlow* v. *Daniels & Co.*, 25 W. Va. 512; *Parsons* v. *Bedford et al.*, 3 Pet. 447.)

If the State has the right to a writ of error in a revenue case, it necessarily follows that the appellate court may order the verdict to be set aside and a new trial to be had; and in view of our statute-law relative to writs of error in such cases the trial-court may set aside the verdict for any error, which would justify the court above in doing so.

The second assignment of error is that the evidence sustained the verdict.

It seems incredible that small sums of money amounting in the aggregate to $1.20 could from time to time be cast upon the seat. where the defendant was sitting, without his knowledge, and yet he get the money.

SNYDER, JUDGE :

William A. Cooper was tried by jury at the November term 1882, of the circuit court of Mercer county, upon an indictment for selling spirituous liquors without a State license therefor. A verdict was found for the defendant which the court on the motion of the State set aside and ordered a new trial. The defendant excepted to this action of the court and obtained this writ of error.

The only question presented to this Court is, did the circuit court err in setting aside the verdict of the jury and granting a new trial? The plaintiff in error insists that this action of the court was erroneous because the evidence sustained the verdict of the jury.

The bill of exceptions certifies that the following are all the facts proved on the trial:

"The State proved by one Stovall that within twelve months next preceding the finding of the indictment, in the county of Mercer, the witness and two other persons met the defendant near Princeton and had some conversation with him; witness stated to him that he wished he had

known he (defendant,) was coming down from Tazewell, Va. as he would have gotten him to bring him some whisky; thereupon defendant told witness that he had some whisky which he would divide with his friends and drew a bottle from his saddle-bags which he had thrown over the seat of the Jersey wagon in which he was riding; the crowd drank in this way about three pints; witness and his two companions offered several times to buy the whisky from defendant, but he as often declined to sell, saying he had no whisky to sell, that he only had some for himself and his friends; witness asked what whisky was worth and defendant said he was not selling but it was worth sixty cents per pint; and witness stated that he and his companions threw, he thought, as much as $1.20 on the seat of the Jersey wagon where defendant was sitting, from time to time during the time aforesaid, but he did not know that defendant saw the money or that he ever got it."

A new trial asked on the ground that the verdict is contrary to the evidence or the facts proved, ought to be granted only in a case of plain deviation from right and justice, not in a doubtful case merely because the court, if it had been on the jury, would have given a different verdict. *Miller* v. *Ins. Co.*, 12 W. Va. 116; *Sheriff* v. *Huntington*, 16 *Id.* 308; *Black* v. *Thomas*, 21 *Id.* 709.

In Virginia and this State the courts have always guarded with jealous care the province of the jury. If the question depends upon the weight of testimony, or inferences and deductions from the facts proved, the jury and not the court, are exclusively and uncontrollably the judges. This conclusion is based upon the well established rule, that the jury are the sole judges of the evidence, the credibility of all admissible testimony and inferences from the facts and circumstances proved. *State* v. *Thompson*, 21 W. Va. 741; *State* v. *Batsell*, 11 *Id.* 703.

The principles announced in these cases, and many others that might be cited, show very plainly that the court, by setting aside the verdict in the case at bar, violated the settled rules of law in this State. The facts proved are, of themselves, inconclusive and merely raise presumptions from which the jury might draw a conclusion, either that the defendant was

guilty or that he was innocent.    This was particularly a case
to be determined by the jury.    The conclusion, necessarily,
depended upon inferences to be drawn from equivocal facts
and when the jury made these inferences and announced
their verdict, the court could not interfere without a plain
and manifest disregard and violation of the settled and fun-
damental principles of law governing trials by jury in this
State.    If the verdict had been for the State, it would have
been equally conclusive, and in neither case would the court
have been justified in setting it aside.    The circuit court, in
my opinion, clearly erred in setting aside the verdict in this
case and its judgment must, therefore, be reversed and a
judgment entered by this Court for the defendant upon the
verdict of the jury.

REVERSED.

# WHEELING.

