# CHARLESTOWN.

## STATE v. MUNCEY.

Submitted June 17, 1886.—Decided September 22, 1886.

Upon an indictment for selling spirituous liquors, wine, &c., the jury found the defendant guilty, and the court entered judgment against him on proof that the defendant had sold a bottle of the "essence of cinnamon" to the State's witness; that before the sale the defendant said to witnesss, if he wanted to drink it he could not get it, but if he wanted it for cooking purposes he could have it, and the witness having answered he did not want to drink it, the defendant sold it to him, and that witness drank part of it and it affected him so he could not see after night. On writ of error this Court affirmed said judgment by a divided Court.

*R. S. Blair* for plaintiff in error.

*Alfred Caldwell*, Attorney-General, for the State.

SNYDER, JUDGE:

Writ of error to a judgment of the circuit court of Ritchie county pronounced, February 20, 1884, upon an indictment against the defendant, James Muncey, for selling, without a State license therefor, spirituous liquors, wines, porter, ale, beer and drinks of a like nature. The defendant was found guilty by the verdict of a jury, on which verdict the judgment was entered.

The defendant saved a bill of exceptions, from which it appears, that he moved the court to set aside the verdict, and, his motion being overruled, at his instance the court certified all the facts proved on the trial. The facts thus certified are as follows: The State proved, that the defendant within one year before the finding of the indictment sold to the witness, Henry Mathers, at his store in said county, a bottle of the "essence of cinnamon," for which he paid defendant ten cents; that witness drank a part of it, and one Snodgrass drank another part, and he took the balance to one Davis; that the said "essence of cinnamon" affected the witness so he could not see after night. It was then proved by the defendant, that before he sold the bottle of "essence

ot cinnamon," he said to the witness, Mathers, that "if he wanted it to drink, he could not have it, but if he wanted it for cooking purposes, he could have it, and being answered by Mathers that he did not want it to drink, he sold it to him." This was all the evidence.

. The defendant, the plaintiff in error, insists that the court erred in overruling his motion to set aside the verdict of the jury because the same is not warranted by the evidence.

The statute declares: "No person without a State license therefor shall keep a hotel or tavern, or furnish intoxicating drinks or refreshments at a public theater, or sell, offer or expose for sale, spirituous liquors, wine, porter, ale or beer, or any drink of a like nature. And all mixtures or preparations known as 'bitters' or otherwise, which will produce intoxication, whether patented or not, shall be deemed spirituous liquors, within the meaning of this section." Sec. 1 ch. 32 Am'd Code, p. 216.

And section 44 of this same chapter of the Code declares that, "The provisions of this chapter shall in all cases be construed as remedial and not penal."

Without deciding whether or not we can take judicial notice of the ingredients or constituents which compose the "essence of cinnamon," we certainly can take such notice of the meaning of the words used in the English language, and therefore we judicially know the meanings and definitions of the words "essence" and "cinnamon." The latter is a bark, and Webster defines the former to be (1) "That which constitutes the particular nature of a being or substance and distinguishes it from all others; (2) Formal existence; *  *  * (6) Constituent substance, as, the pure essence of a spirit; (7) The predominant qualities or virtues of any plant or drug, extracted, refined or rectified from grosser matter; or more strictly, a volatile essential oil, as the essence of mint." Take whichever of these definitions we may of the words "essence" and connect it with the word "cinnamon," and the necessary conclusion is that the "essence of cinnamon" is a "preparation or mixture." It is immaterial what are the ingredients of the preparation or mixture, or by what name it is known, or whether it is patented or not, if it will produce intoxication the sale of it is prohibited by the statute. The

"essence of cinnamon" then, being a preparation or mixture, the only question for this Court to decide in this case is, whether or not the evidence was sufficient to warrant the jury in finding that it would produce intoxication, or rather whether the jury, upon any reasonable view of or deductions from the evidence certified, was justified in finding that the particular "essence of cinnamon" sold by the defendant in this case did produce intoxication. If we can not judicially know that the "essence of cinnamon" may produce intoxication, we certainly can not judicially know that it may not do so. The question therefore is one of fact purely. In cases of this character the rule is well settled in this State, that the jury are the peculiar judges, and their verdict ought not to be set aside even by the trial-court, unless there is a plain deviation from right and justice, not in a doubtful case, or merely because it is one in which the court, if it had been on the jury, would have found differently, and this rule operates with increased force in an Appellate Court when it is asked to set aside a verdict which has been approved by the trial-court. *State* v. *Cooper*, 26 W. Va. 338; *Miller* v. *Insurance Co.*, 12 W. Va. 116; *State* v. *Thompson*, 21 W. Va. 741.

According to these principles can this Court properly interfere with the verdict and judgment of the trial-court in this case? The sale is not questioned. The only controverted fact is whether or not the jury could legally find that the thing sold produced intoxication. The proof in regard to this enquiry establishes three distinct facts : *First*, that the defendant refused to sell the thing until he was told by the buyer that he did not want it to drink; *second*, that the buyer did drink part of it; and, *third*, that the drinking of it affected him so that he could not see after night. Could the jury legally draw the inference from these facts that the thing sold produced intoxication? It is not necessary that it should have been proved as a fact that it was intoxicating; but it is sufficient if facts were proved from which the jury might properly infer that it was intoxicating or that it produced intoxication. The *first* of these facts shows that the defendant believed he had no right to sell the thing to be drank. This unexplained, was a potent fact to show, that it was a questionable if not a prohibited thing—that it was a

thing which could not be sold to be drunk.    The *second* fact shows, that the buyer did drink it, and that he concealed his intention of doing so when he bought it.    From this the jury might infer that both the seller and buyer understood that it was unlawful to sell it as a drunk.    And the *third* fact shows that it affected the buyer in a manner which the jury might infer was the result of an intoxicant.    The jury had a right to use their own observation or experience in determining whether the cause of the blindness of the prosecuting witness was the effects of an intoxicant and what that intoxicant was.    The witness said it was produced by the thing sold.    The jury might well infer that the blindness was produced by intoxication, and if they did so infer it does not seem to me that we can say such inference was plainly unwarranted, or that we can judicially say that the blindness mentioned could not have resulted from intoxication produced by the essence of cinnamon, but that on the contrary we must hold as matter of law that it was not thus produced, or that intoxication does not affect the sight, and that we must do this too in the absence of any evidence as to the effect of intoxicants and in the face of the finding of the jury.    The legislature has expressly declared, as we have seen, that the law, under which this case has arisen, must be construed remedially, that is, liberally to suppose the evil.    It may be that if I had been on the jury I would not have found as they did, but it does not seem to me that, after the jury have found as they did, we can say that they have plainly deviated from right and justice, or that they were clearly not warranted in finding as they did.    I am therefore of opinion that the judgment of the circuit court should be affirmed.

GREEN, JUDGE:

I concur with the conclusion reached by Judge Snyder, that the judgment of the circuit court should be affirmed, though there are portions of his views in his opinion, in which I do not concur.

WOODS, JUDGE:

The defendant has assigned as grounds of error:

First.—That there was no evidence tending to show there was any violation of the Act of the Legislature of this State in regard to the sale of "spirituous liquors, wines, porter, ale, beer and drinks of like nature."

Second.—There was no proof tending to show that the article sold contained any spirituous liquor, wine, porter, ale, beer and drinks of like nature.

Third.—There was no proof, that the article sold was to be used as a beverage, but the evidence shows, that it was sold for culinary purposes.

Fourth.—There is no law in this State, requiring any one to take out a State license for the sale of "*essence* of *cinnamon*," nor is it included in the articles designated as "spirituous liquors, wine, porter, ale, beer or drinks of like nature."

The certificate of facts shows, that the defendant within one year before the finding of the indictment, at his store in Harrisville in Ritchie county sold to one Henry Mathers one bottle of essence of cinnamon for the price of ten cents, of which said Mathers and one Snodgrass each drank a part, and the residue was carried away; and that the essence of cinnamon affected the witness so he could not see after night.

It was further proved by the defendant that before he sold the witness the bottle of essence of cinnamon, he asked him if he wanted it to drink telling him if he did, he could not have it, but being told he wanted it for cooking purposes, he sold it to him. These were all the facts proved.

If essence of cinnamon be included in the terms, "spirituous liquors, wines, porter, ale, beer, or drinks of like nature," the use made or intended to be made of it by the purchaser is immaterial, for it is the unlawful sale of the prohibited article, which constitutes the statutory offence of selling without having obtained a State license to do so. There is nothing in the legislative history of Virginia or of this State to indicate that essence of cinnamon, or any of the other essences, extracts or tinctures known to pharmacists, has ever been regarded as a drink of any kind, or that the same was ever supposed to be included in any of the

drinks, tor the sale of which a State license was ever required. There is no fact proved in this record, from which the court or jury could infer, that essence of cinnamon is composed in whole or in part of spirituous liquor, wine, porter, ale, beer, or any other drink of like nature, or that it is any mixture or preparation known as bitters or otherwise, which will produce intoxication; and in the absence of proof on this subject this Court can not take judicial notice of the ingredients entering into the composition of essence of cinnamon.

I am therefore of opinion, that the facts proved were insufficient to support the verdict, and that the court erred in overruling the motion of the defendant to set the same aside and award him a new trial, and that for this error the judgment of the circuit court should be reversed, the verdict set aside, and the case remanded for a new trial.

Johnson, President, concurred with Judge Woods.

AFFIRMED.