# CHARLESTON.

State v. Joseph Sprigg

(No. 5655)

Submitted March 15, 1927.    Decided March 22, 1927.

1.  Criminal Law—*Witness' Opinion Not Supported by Facts and Unobjected to, That Road is Public One, Cannot be Challenged on Appeal as Incompetent.*

    An opinionative statement of a witness, even though it be a conclusion unsupported by such facts as are necessary to constitute a road a public road, where no objection is urged thereto upon trial, cannot be challenged for the first time in this court, as incompetent and insufficient.    (p. 405).

    (Criminal Law, 17 C. J. § 3331.)

2.  Same—*Where Witness is Permitted to Testify That Road is Public One Without Testing Sources of His Information, it Must be Assumed on Appeal That More Definite Proof Was Waived.*

    Where such witness is permitted to testify that a certain road is a public road, and no effort is made on behalf of the defendant to test the sources of his information, or question his statement that the road in question is in fact a public road, it must be assumed that more specific and definite proof of the fact that the road is lawfully a public road was waived. (p. 405).

    (Criminal Law, 17 C. J. § 3569 [Anno].)
    103 W. Va.

3.   SAME—*Reviewing Court Should Not Reverse Conviction Un-
     less There is Reasonable Doubt of Guilt.*

A reviewing court should not reverse a criminal case on
the facts which have been passed upon by the jury, unless
the court can say that there is reasonable doubt of guilt and
that the verdict must have been the result of misapprehension,
or passion and prejudice.   (p. 406).

(Criminal Law, 17 C. J. § 3593.)

(NOTE:  Parenthetical references by Editors, C. J.—Cyc. Not
part of syllabi.)

Error to Circuit Court, Lewis County.

Joseph Sprigg was convicted of driving a motor vehicle
on a public road while intoxicated, and he brings error.

*Affirmed.*

*Herbert M. Blair,* for plaintiff in error.

*Howard B. Lee,* Attorney General, and *J. Luther Wolfe,*
Assistant Attorney General, for the State.

WOODS, JUDGE:

Defendant was indicted in the circuit court of Lewis
County for operating a motor vehicle upon the public road
in said county while in an intoxicated condition.   He was
found guilty as charged, 'and the court entered judgment
thereon, sentencing him to sixty days imprisonment in the
county jail and adjudging him to pay a fine of fifty dollars.
From said judgment defendant prosecutes this writ of error.

Counsel for defendant argues that the public character of
the highway was not established.   A constable of Lewis county
living in Jane Lew, testified that on the night of the
offense that he was returning home in his Ford coupe from
Clarksburg, where he had been on business; that he saw a
car ahead zigzagging from one side of the road to the other;
that he attempted to pass several times, and did succeed in
passing said car at the bridge coming into Jane Lew; that
he stopped in Jane Lew under a street light near the high
school and stopped defendant's car when it came up; that
the smell of liquor oozed out into his face; that he arrested
defendant; and that there were other cars on the highway.

This information was given in response to the question: "State what you know, if anything, about him (referring to defendant) driving an automobile *upon the public road in this state, in this county,* in the month of September, nineteen twenty-five?" Witness' answer, in view of the limitations of the questions propounded, fixed the facts testified to as having occurred on the public road. B. D. Cayton, who was picked up by the constable at the Lewis county line and accompanied him into Jane Lew, testified that it was a cement road sixteen feet wide, referring to it as a state road. Such statements, together with other testimony to the effect that divers cars were on the road going in the direction of Clarksburg and cars other than those driven by the constable and the defendant going in the direction of Jane Lew; that the defendant and the constable were both using the road for the purpose of reaching Jane Lew—all tended to show the public character of it. It is significant that the defendant did not object to the statements of the Constable and Cayton, and did not attempt to disprove the public character imputed to the road. Parties have a righht to try their case on evidence which is not of the quality or character required by law, and where such evidence is admitted without objection, it is the right and duty of the court or jury to give it the same consideration as if it were legal evidence. Primary evidence to support a witness' statement that a road is a public road is not necessary unless required by the adverse party. So weak evidence becomes strong by the neglect of the adverse party in not showing by means within easy control that the conclusions therefrom are untrue. Uncontradicted evidence should ordinarily be taken as true.

There are various ways in which a public road can be established; and if, in any case, the fact that the road is a public road is questioned, the proof must show that such road is in fact a public road. Nevertheless, where a witness, as here, testifies that the road on which the defendant was traveling was a public way, and no effort was made on behalf of defendant to test the sources of his information, or question his statement concerning the public character of the same, it must be assumed that more specific and definite proof of the fact

that the road was lawfully a public road was waived. An opinionative statement of a witness, even though it be a conclusion unsupported by such facts as are necessary to constitute a road a public road, where no objection is urged thereto upon the trial, cannot be challenged for the first time upon review as incompetent and insufficient. *State* v. *Hutchinson*, 8 Ga. A. 684. In the last mentioned case the court said: ''If the statement of the witness in this case, that the road on which it is alleged in the indictment that the defend· ant was intoxicated was a public road, was a mere conclusion, it was in the power of the defendant in the trial to develop that fact, and to require the witnesses to give the facts upon which they based their conclusions.'' Under the circumstances of this particular case we believe that the state sufficiently proved the public character of the road.

Defendant placed all his defense on the fact that he was not intoxicated, and that any irregularity in his driving was due to his bad eyesight. The evidence as to his intoxication was contradictory and in irreconcilable conflict, and according to our decisions, was a matter for the jury. *State* v. *Winans*, 100 W. Va. 418; *State* v. *Porter*, 98 W. Va. 390; *Jaggie* v. *Davis*, 75 W. Va. 370; *State* v. *Cooper*, 26 W. Va. 338. It is the province of the jury, before whom the witnesses appear and testify, to decide in cases where the evidence is conflicting and contradictory as to what evidence and which witnesses shall be believed. A reviewing court should not reverse a criminal case on the facts which have been passed upon by a jury, unless the court can say that there is reasonable doubt of the guilt of the defendant, and that the verdict was reached as a result of misapprehension or passion and prejudice.

Objection is also made to three several instructions given at the instance of the state. The first was the usual instruction given in this state defining ''reasonable doubt''. While this instruction was approved in *State* v. *Ice*, 34 W. Va. 251, and later decisions, the court has repeatedly discouraged the giving of instructions attempting to define that term. *State* v. *Powers*, 91 W. Va. 737. However, the giving of such an instruction has never been held to be reversible error. The

second instruction given over the objection of the defendant propounds the law in relation to the character of witnesses and the fact that the jury are the sole judges of the evidence in the case as well 'as the credibility of the witnesses who have testified. And the third instruction tells the jury that they must not only consider the statements made by the witnesses, but to consider the facts and circumstances shown in the case and further consider all reasonable inferences to be drawn from the facts and circumstances shown. All these instructions have been approved, and we believe they properly apply the law to the case under consideration.

Finding no reversible error in the record, the judgment must therefore be affirmed.

*Affirmed.*