## STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**STATE OF WEST VIRGINIA,**
**Plaintiff Below, Respondent**

**vs.) No. 14-0437 (Kanawha County 14-F-51)**

**ROY DALE MCKEAN,**
**Defendant Below, Petitioner**

**FILED**

**April 23, 2015**

**released at 3:00 p.m.**
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

### MEMORANDUM DECISION

Petitioner, Roy Dale McKean, by counsel Rick Holroyd, appeals the March 14, 2014, order of the Circuit Court of Kanawha County that sentenced him to an aggregate term of seven to fifteen years of incarceration, upon his conviction by a jury of four felony offenses and three misdemeanor offenses. The State of West Virginia, by counsel Christopher S. Dodrill, filed a summary response in support of the circuit court's order. On appeal, Petitioner argues that the circuit court erred in denying his motion for a new jury pool.

This Court has considered the parties' briefs, the record on appeal, and the parties' oral arguments. Upon consideration of the standard of review, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

The evidence at trial showed that on November 2, 2013, at around 11:00 p.m., Trooper D. Gregory observed a motorcycle being driven by Mr. McKean along Route 60 in St. Albans, West Virginia. An unidentified woman was on the motorcycle with Mr. McKean. After observing that the motorcycle had a missing tail-light, Trooper Gregory turned on his cruiser's flashing lights to initiate a traffic stop of the motorcycle. However, Mr. McKean refused to stop and instead began a high speed attempt to evade Trooper Gregory. The high speed pursuit of Mr. McKean was captured on a dashboard camera in Trooper Gregory's vehicle. At some point during the chase, Mr. McKean turned into a residential area where he apparently hit a bump in the road and crashed his motorcycle. Mr. McKean and the unidentified woman ran from the crash scene. Trooper Gregory was able to catch Mr. McKean. A fight ensued between Mr. McKean and Trooper Gregory. A passerby assisted Trooper Gregory in placing Mr. McKean under arrest. After Mr. McKean was arrested,

1

another police officer, who had responded to the incident, found a duffel bag near Mr. McKean's motorcycle. The duffel bag contained materials used for making methamphetamine.

In the 2014 January term of court, a grand jury returned an eight count indictment against Mr. McKean. The case went to trial on February 10, 2014. During jury selection, the prospective jurors in the jury pool were asked by the trial court if any of them had been acquainted with Mr. McKean. One prospective juror, a deputy sheriff, responded that he believed that he had once arrested Mr. McKean. The trial court stopped the general questioning and removed the deputy sheriff from the jury pool. Defense counsel moved the court for a new jury pool. The trial court denied the motion and provided the jury pool with a curative instruction. The case proceeded to trial. The State called three witnesses during its case-in-chief. Mr. McKean testified during his case-in-chief and called one witness. After the State called a rebuttal witness, the case was turned over to the jury. The jury returned a verdict convicting Mr. McKean of seven counts of the indictment.[1]

Here, Mr. McKean has presented only one assignment of error. Mr. McKean contends that the trial court committed error in denying his motion to dismiss the jury pool as a result of the statement made by the deputy sheriff during jury selection. We previously have held that, "[a]bsent a few exceptions, this Court will review . . . procedural rulings of the circuit court under an abuse of discretion standard." Syl. pt. 1, in part, *McDougal v. McCammon*, 193 W. Va. 229, 455 S.E.2d 788 (1995).

The right of a criminal defendant to an impartial and objective jury is a fundamental right guaranteed by the state and federal constitutions. Specifically, this Court has held that:

> [t]he right to a trial by an impartial, objective jury in a criminal case is a fundamental right guaranteed by the Sixth and Fourteenth Amendments of the United States Constitution and Article III, Section 14 of the West Virginia Constitution. A meaningful and effective voir dire of the jury panel is necessary to effectuate that fundamental right.

Syl. pt. 4, *State v. Peacher*, 167 W. Va. 540, 280 S.E.2d 559 (1981). We also have cautioned that "[t]he mere presence of a biased prospective juror on a jury panel, although

---

[1]The eighth count of the indictment was not submitted to the jury. The record indicates that the circuit court entered an order after the trial dismissing the eighth count upon a motion by the State to nolle prosequi the offense.

undesirable, does not threaten a defendants constitutional right to an impartial jury if the biased panel member does not actually serve on the jury that convicts the defendant." *State v. Phillips*, 194 W. Va. 569, 587, 461 S.E.2d 75, 93 (1995), *overruled on other grounds by State v. Sutherland*, 231 W. Va. 410, 745 S.E.2d 448 (2013).

The issue of a prospective juror making a possible bias statement during jury selection was recently addressed by this Court in *Nenigar v. Ballard*, No. 13-0385, 2013 WL 6153154 (W. Va. Nov. 22, 2013) (memorandum decision). The defendant in *Nenigar* was sentenced to life in prison, without the possibility of parole, after being convicted of first-degree murder by a jury in 2004. The conviction was upheld on direct appeal. The defendant subsequently filed a habeas corpus petition seeking to obtain a new trial. One of the issues raised in the habeas petition was that during jury selection a prospective juror stated that she knew "the Defendant from a previous placement that he was in." Defense counsel approached the bench and moved the court to declare a mistrial and summon a new jury pool. The trial court denied that motion, but granted defense counsel's motion to strike the juror for cause. In the habeas proceeding the trial court found that no error occurred in denying the motion to grant a mistrial and dismiss the jury pool. In the appeal of the habeas decision, this Court affirmed the habeas trial court's ruling and adopted the habeas judge's order in full. The relevant part of the habeas order adopted by this Court addressed the issue as follows:

> The Court finds that there was no special attention brought to [the juror's] statement. The Court further funds [sic] that [the juror] did not elaborate on what she meant by saying "placement" and there is no indication that the jury panel thought she meant incarceration or other confinement. The Court further finds that the trial court made further inquiries of the jury panel, after that particular comment, if there was any reason that they had a bias or prejudice against Petitioner and none of the jurors stated that they were influenced by [the juror's] statement. The Court further finds that [the juror] did not serve on the jury that convicted the Petitioner. Therefore, the Court concludes that Petitioner is unable to show a violation under the State and federal constitutions regarding his right to an impartial, objective jury. Therefore, the Court concludes that the trial court did not err in failing to call a mistrial during voir dire.

*Nenigar*, 2013 WL 6153154, at *13. In the instant proceeding, we believe Mr. McKean, like the defendant in *Nenigar*, has failed to show a violation of his constitutional right to an impartial jury.

3

The trial court gave a curative instruction after the deputy sheriff made the improper comment. The trial court instructed the jury as follows:

> THE COURT: All right [sic], ladies and gentlemen, I'm going to instruct you to disregard what that last juror said. Just because one's arrested doesn't mean that they are guilty of anything.
>
> Is there any juror here who cannot set that aside and judge this case strictly on the merits of the evidence presented in this case, or is the fact that he was arrested on some prior occasion that we don't know when or what it was about or any of those circumstances of it, that would so preoccupy you that you would not be able to be fair and impartial to him? And it's okay to tell me that it's going to affect your judgment in this case, because that's what I want to know, if it's going to impact you in any way.
>
> Is there any juror who that last juror's statements might impact you in any regard?
>
> Okay. The record will reflect that there were no hands raised.

We believe that the trial court's curative instruction fulfilled its purpose of learning whether any of the prospective jurors were influenced by the deputy sheriff's remark. None of the prospective jurors indicated that they would be biased against Mr. McKean because of the remark by the deputy sheriff. Moreover, Mr. McKean had a right to question the prospective jurors individually if he believed the curative instruction was insufficient. *See State v. Finley*, 177 W. Va. 554, 355 S.E.2d 47 (1987). However, Mr. McKean chose not to exercise that right.[2] *See State v. Miller*, 197 W. Va. 588, 603, 476 S.E.2d 535, 550 (1996) ("[w]here a defendant does not seek additional voir dire to demonstrate possible bias, prejudice, or disqualification, there can be no error for the failure to strike prospective jurors for cause."). Finally, the record shows that the deputy sheriff did not serve on the jury.

Based upon the facts in this case, we simply have not found any evidence to show that

---

[2]In fact, the State actually mentioned that, "if necessary, we can do individual voir dire of each juror[.]"

the trial court abused its discretion in denying Mr. McKean's motion to dismiss the jury pool. The evidence in this case, including a video tape of the high speed pursuit, was sufficient for the jury to find Mr. McKean guilty beyond a reasonable doubt. We have held that "'[a] reviewing court should not reverse a criminal case on the facts which have been passed upon by the jury, unless the court can say that there is reasonable doubt of guilt and that the verdict must have been the result of misapprehension, or passion and prejudice.' Syllabus point 3, *State v. Sprigg*, 103 W.Va. 404, 137 S.E. 746 (1927)." Syl. pt. 1, *State v. Easton*, 203 W. Va. 631, 510 S.E.2d 465 (1998).

For the foregoing reasons, we affirm.

Affirmed.

ISSUED:  April 23, 2015

CONCURRED IN BY:

Chief Justice Margaret L. Workman
Justice Robin Jean Davis
Justice Brent D. Benjamin
Justice Menis E. Ketchum
Justice Allen H. Loughry II

5