STATE OF WEST VIRGINIA

*v.*

GEORGE GILLIAM

(No. 14380)

Decided March 26, 1982.

*Franklin D. Cleckley* for plaintiff-in-error.

*Chauncey H. Browning*, Attorney General, and *S. Clark Woodroe*, Assistant Attorney General, for defendant-in-error.

PER CURIAM:

In this appeal, George Gilliam challenges a Circuit Court of Ohio County final judgment of conviction entered upon a November 1977 jury verdict finding him guilty of breaking and entering. Pursuant to our recidivist statute, W. Va. Code, 61-11-19, five years was added to the appellant's one-to-ten year sentence for the breaking and entering and he was sentenced to a total term of one to fifteen years in the penitentiary.

The facts may be briefly summarized. The defendant and his companion were arrested at approximately 2:00 a.m. inside a commercial building in Wheeling. The police officers had gone to the premises along with the owner because the burglar alarm had gone off. There had been a forcible entry in the rear of the building through a window and a crow bar was found inside. Both men were found hiding behind some cartons. The defendant admitted entering the building but denied that he intended to steal anything.

The defendant contends that the trial court committed reversible error when it overruled his motion for a new trial, the principal ground of which was that the judge erred in failing to disclose a conversation with a juror which took place out of the presence of the parties. During the voir dire examination of the prospective jurors, the judge inquired whether any of them had been the victim of a breaking and entering, and at the time no member of the panel responded in the affirmative. The jury was

empaneled and a recess taken. During this recess one juror approached the judge and indicated that a breaking and entering had occurred at an apartment she rented to another person. The judge informed her that she had answered the question truthfully and she returned to serve on the jury which rendered the verdict. The judge did not inform either party of the conversation, and the defendant's counsel learned of the conversation following the verdict. The defendant contends the judge's failure to inform the parties of the conversation was reversible error.

Defendant's primary reliance is on *Klesser v. Stone*, 157 W. Va. 332, 201 S.E.2d 269 (1973), where in Syllabus Point 2 we stated:

> "In the trial of a civil action, communication between a trial judge and the jury, out of the presence of the parties or their counsel, constitutes reversible error only upon a showing of a possible prejudice by the complaining party, but a finding of possible prejudice does not require proof of a specific and demonstrable injury, damage or injustice to the complaining party's case."

In *Klesser*, the jury had begun its deliberations and had sent a question through the bailiff to the judge in regard to the liability aspect of the case. The court without consultation with any of the parties, who were out of the courtroom, directed the bailiff to inform the jury that he could not answer any questions. We concluded that this was error but it seems clear from the opinion that the rule related to communications by the judge with the jury after the submission of the case to the jury.

We do not believe that *Klesser* is applicable to this case. The more analogous area is that involving the disqualification of a juror. The defendant argues that had the juror disclosed this information at the time of the voir dire, he would at least have exercised a peremptory challenge. The difficulty with this argument is that it does not address the critical issue whether the trial court's action amounts to reversible error. The juror answered the voir dire question correctly since she had not been the victim

of a breaking and entering. We do not believe that there was any misconduct on the part of the juror in failing to make the disclosure on voir dire. We have said in Syllabus Point 7, in part, of *State v. Johnson*, 111 W. Va. 653, 164 S.E. 31 (1932):

> "A motion for a new trial on the ground of the misconduct of a jury is addressed to the sound discretion of the court, which as a rule will not be disturbed on appeal where it appears that defendant was not injured by the misconduct or influence complained of."

The defendant raises an irregularity in the manner in which the recidivist proceeding under W. Va. Code, 61-11-19, was invoked. We decline to address this point since the record is clear that subsequently the defendant along with his counsel entered into a plea bargain where the State agreed not to seek imposition of the life recidivist sentence, as found by the jury in the recidivist trial, but only the additional five year enhancement. The court accepted this bargain and imposed the five year enhancement.

The final assignment of error is that the trial court refused to give a defense instruction relating to attempted criminal trespass under W. Va. Code, 61-3-30. However, it is clear that there was no evidence to support this particular statutory crime.

For the foregoing reasons, the judgment of the Circuit Court of Ohio County is affirmed.

*Affirmed.*