27379. AMERICAN INSURANCE CO. *v.* WAYCASTER.

DECIDED JUNE 2, 1939. ADHERED TO ON REHEARING, JULY 6, 1939.

*Smith, Smith & Bloodworth, Estes Doremus, E. W. White,* for plaintiff in error.

*A. G. Liles, Boyd Sloan,* contra.

BROYLES, C. J. It is well settled that issues of fact raised by a plea in abatement should be submitted to a jury. In the instant case (a suit on a policy of fire insurance) the defendant filed its plea in abatement, and introduced evidence to support the plea. The plaintiff moved that the court direct a verdict against the plea. The court orally announced that the motion was denied, and that he would sustain the plea. The plaintiff thereupon, and before any order was entered, requested to be allowed to introduce evidence to controvert the plea. The request was denied. Whereupon, counsel for the plaintiff stated to the court what he expected to prove by the plaintiff, if allowed to do so, and the court refused to permit the introduction of the evidence and passed an order sustaining the plea and dismissing the action. On the hearing of the certiorari obtained by the plaintiff, the judge of the superior court held that the trial court erred in not allowing *both* parties to submit competent and material evidence on the issues raised by the plea in abatement, and sustained the certiorari. This court can not say, as a matter of law, that the evidence offered by the plaintiff was not competent and material.

Judgment affirmed. *MacIntyre and Guerry, JJ.,* concur.

ON REHEARING.

BROYLES, C. J. On a careful reconsideration of this case, after the granting of the motion for rehearing, our opinion is that the

trial court erred in sustaining the plea in abatement and in dismissing the case, after the introduction of evidence by the defendant to sustain the plea, and after said court *had refused the plaintiff's request to be allowed to introduce evidence to controvert the plea.* Furthermore, it is well settled that the order of a superior court judge sustaining a certiorari is in effect the first grant of a new trial, and the rule that the discretion of the trial judge in granting a first new trial will not be disturbed applies to the sustaining of a certiorari by a judge of the superior court. Under this rule and the facts of the instant case the order of the superior court judge sustaining the certiorari should be, and is, affirmed.

*Judgment adhered to. MacIntyre and Guerry, JJ., concur.*