364 S.E.2d 535

**STATE of West Virginia**

v.

**James F. HOLLAND.**

**No. 17320.**

Supreme Court of Appeals of
West Virginia.

July 15, 1987.
Petition for Rehearing Aug. 3, 1987.
Rehearing Denied Nov. 10, 1987.

David Johnson, Asst. Atty. Gen., for appellant.

Richard H. Brumbaugh, Gerald M. Titus, Jr., Brumbaugh & Titus, Spencer, for appellee.

PER CURIAM:

The defendant, James F. Holland, was arrested on November 27, 1984 and charged with driving under the influence of alcohol, second offense. He was tried in magistrate court without a jury and was convicted and sentenced to eight months in jail. The defendant appealed his conviction to the Circuit Court of Calhoun County under *W. Va. Code*, 50–5–13 [1984]. On Sep-

tember 18, 1985, he was convicted by a jury of first offense driving under the influence of alcohol and was sentenced to sixty (60) days in the county jail and fined $100.

The defendant was arrested after he was involved in a single-car accident on U.S. Route 33 in Millstone, West Virginia. The investigating officer, Trooper Charles McDonald, testified that when he arrived at the scene of the accident the defendant and his wife were lying on the ground wrapped in blankets. When he asked who was driving the car the defendant responded affirmatively. Trooper McDonald testified that there was a strong odor of alcohol about the defendant. In addition, he noticed that the defendant's speech was slurred and his eyes were glassy. Trooper McDonald testified that it was "quite obvious" the defendant was under the influence of alcohol.

Shortly after the accident, the defendant and his wife were transported to Roane General Hospital. At the hospital Trooper Gary Williams asked Mrs. Holland what happened. He was interrupted by the defendant who told the trooper that he, not his wife, was driving the car. Trooper Williams testified that as he moved closer to the defendant he noticed a strong odor of alcohol. In addition, the defendant's speech was loud and boisterous, his face was flushed and he looked "quite intoxicated."

The State's remaining evidence was from two eyewitnesses to the accident, neither of whom saw who was driving the car and from Trooper Phillip Lantz who testified that the defendant was the same person he arrested and charged with driving under the influence of alcohol in 1981.

The defendant testified that he had been in an establishment known as the Millstone Inn just before the accident and that he had been there since morning and had had "a lot" to drink. He denied, however, that he was driving the car when the accident occurred. He testified that his wife had picked him up at the Millstone Inn because he had been drinking and was driving him home when the accident occurred.[1] The

---

1. The record indicates that the defendant and Ruth Holland were never legally married but

defendant did not deny telling Trooper McDonald that he was the driver of the automobile. He testified that he made the statement even though it was false to protect his wife who had no driver's license. Mrs. Holland substantiated the defendant's story that she was driving the car. In addition, Michael Goodrich testified that the defendant and his wife gave him a ride from the Millstone Inn to his car on the night of the accident and Mrs. Holland was driving the car.

The defendant contends that the court erred in allowing the prosecuting attorney to comment upon his refusal to take a breathalyzer test. The comment was made during the State's opening statement when the prosecutor told the jury that there would be no scientific evidence presented: "There will be no evidence of any breathalyzer test. There will be no evidence of any blood test or any urine analysis or anything of that nature." The prosecutor informed the jury that the State's case would, instead, be based upon testimony of the defendant's appearance, manner and statements. He continued: "There will also, we anticipate, be evidence of the defendant's refusal to take a test such as I've just enumerated to ..." The defendant objected to this last comment and moved for a judgment of acquittal or in the alternative, for a mistrial. The court overruled the defendant's motions.

In syllabus point 1 of *State v. Adams*, 162 W.Va. 150, 247 S.E.2d 475 (1978), we stated that "[a] criminal defendant's refusal to take tests to determine his state of intoxication per W.Va.Code, 17C–5A–1 cannot be commented upon or introduced into evidence by the state at his trial for driving while intoxicated." Were *State v. Adams* still the law, clearly the defendant would prevail on this point. However, in *State v. Cozart*, 177 W.Va. 400, 352 S.E.2d 152, 157 (1986), we reconsidered our holding in

*Adams* and held that "in certain circumstances, evidence of a defendant's refusal to take a breathalyzer test will be admissible in a criminal trial for driving under the influence of alcohol as evidence of the defendant's guilty conscience or knowledge...."

The defendant argues that our holding in *State v. Cozart, supra,* should not be applied to the instant case because he did not receive the benefit of the procedural protections set out in *Cozart.*[2] In addition, he contends that the effect of a remark made during opening statements informing the jury of a defendant's refusal to take a breathalyzer is more pronounced than when the jury hears the information from a testifying witness as was the case in both *Cozart* and *Adams.*

Whether evidence of the defendant's refusal to take a breathalyzer test would have been admissible under the principles of *State v. Cozart* is not at issue. Here, there was no refusal evidence; there was a comment made by a prosecuting attorney in his opening statement and he prefaced his remarks by telling the jury that nothing he was about to say was to be construed or taken as evidence.

This case should be judged by the well-settled law pertaining to opening statements by prosecuting attorneys. That law was set forth in syllabus point 1 of *State v. Dunn*, 162 W.Va. 63, 246 S.E.2d 245 (1978), where we stated:

> A judgment of conviction will not be reversed because of improper remarks made by a prosecuting attorney in his opening statement to a jury which do not clearly prejudice the accused or result in manifest injustice.

■ Although the prosecutor's comment may have been improper because the defendant was not afforded the procedural pro-

---

lived together in Maryland, a state that recognizes common law marriages. For simplicity's sake, we refer to Mrs. Holland as the defendant's wife.

**2.** In *State v. Cozart,* 177 W.Va. 400, 352 S.E.2d 152 (1986), we said that upon request by either the State or the defendant the court should hold

an *in camera* hearing to determine whether the probative value of such evidence outweighs its possible prejudicial effect and should give a cautionary instruction explaining that refusal evidence has only a slight tendency to prove guilt because such refusal does not have a direct bearing on the issue of guilt.

tections in *Cozart*, we cannot say that the defendant was clearly prejudiced by it or that it resulted in manifest injustice to him. The trial court found that any error as a result of the prosecutor's statement was harmless error. We must agree. The State produced two witnesses who testified that the defendant was intoxicated on the night of the accident, and by the defendant's own admission, he had had "a lot" to drink. The principal issue at trial centered on who was driving the car, not on whether the defendant was intoxicated. Under the circumstances, and in the absence of a showing of prejudice or manifest injustice, the verdict will not be set aside on this basis.

The defendant also contends that the court erred in allowing the State to introduce evidence that he was convicted in 1981 for driving under the influence of alcohol. The defendant complains of the evidence on the grounds that the State failed to provide him with certain exhibits relating to that offense which were introduced into evidence, and the State failed to disclose that Trooper Phillip Lantz, the arresting officer in the defendant's 1981 conviction, would be called as a witness to testify about the prior conviction.

■ The defendant was charged with second offense driving under the influence of alcohol. He was informed of the charge and should have known that the State would present proof of his prior conviction. In point of fact, the only document admitted into evidence concerning the 1981 conviction was the final judgment order and Trooper Lantz testified only about the prior arrest. Under the circumstances, we fail to see how non-disclosure of such evidence hampered the preparation or presentation of defendant's case. More importantly, the defendant was not convicted of second offense driving under the influence of alcohol. Since the challenged evidence went only to the second offense issue, if there was error at all, it was harmless error. We have held that "[a] verdict of guilty in a criminal case will not be reversed by this Court because of error committed by the trial court, unless the error is prejudicial to

the accused." Syl. pt. 2, *State v. Blaney,* 168 W.Va. 462, 284 S.E.2d 920 (1981).

The defendant contends that the trial court erred by admitting into evidence two statements made by the defendant before he was advised of his *Miranda* rights. When Trooper McDonald arrived at the scene of the accident, he asked who was operating the vehicle and the defendant stated that he was the driver. Later when the defendant and his wife had been taken to the hospital, Trooper Gary Williams asked Mrs. Holland how the accident occurred and the defendant made the statement: "What are you asking her for, I was driving the car."

We believe defendant's reliance on *Miranda v. Arizona,* 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966) is misplaced. *Miranda* principles come into play when a suspect is subjected to custodial interrogation. *California v. Beheler,* 463 U.S. 1121, 103 S.Ct. 3517, 77 L.Ed.2d 1275 (1983); *Oregon v. Mathiason,* 429 U.S. 492, 97 S.Ct. 711, 50 L.Ed.2d 714 (1977); *State v. McDonough,* 178 W.Va. 1, 357 S.E.2d 34 (1987); *State v. Blaney,* 168 W.Va. 462, 284 S.E.2d 920 (1981); *State v. Rowe,* 163 W.Va. 593, 259 S.E.2d 26 (1979). The United States Supreme Court defined custodial interrogation in *Miranda, supra:* "By custodial interrogation, we mean questioning initiated by law enforcement officers after a person has been taken into custody or otherwise deprived of his freedom of action in any significant way." 384 U.S. at 444, 86 S.Ct. at 1612.

■ The evidence here supports a finding that the defendant had not been taken into custody or deprived of his freedom at the time he made the statement to Trooper McDonald. The trooper was merely conducting a preliminary on-the-scene investigation at the accident site. He did not forbid the defendant to move nor did he tell the defendant he was under arrest. Because the trooper had not placed the defendant in custody or deprived him of his freedom in any significant way, the protections afforded by *Miranda* do not apply. *See, Berkemer v. McCarty,* 468 U.S. 420, 104 S.Ct. 3138, 82 L.Ed.2d 317 (1984). Fur-

ther, the statement made by the defendant to Trooper Williams in the hospital treating room was a spontaneous and unelicited statement and was not a response to direct questioning. Trooper Williams asked the defendant's wife what happened and the defendant interrupted and volunteered that he was driving the car. *Miranda* recognizes that a spontaneous statement need not be preceded by *Miranda* warnings in order to be admissible. "Volunteered statements of any kind are not barred by the Fifth Amendment and their admissibility is not affected by our holding today." *Miranda v. Arizona, supra,* 384 U.S. at 478, 86 S.Ct. at 1630. In any event, the defendant was not in custody and *Miranda* principles do not apply to require suppression of his statement.

The defendant contends that the trial court erred in denying his motion for acquittal or for a mistrial made on the grounds that Trooper McDonald conversed with several jurors out of the presence of the parties after the jury was impaneled. The record indicates that the conversation lasted approximately five minutes and occurred while the parties were engaged in *in camera* proceedings in the judge's chambers. Trooper McDonald testified that the subjects of the conversation included Calhoun County football games, deer hunting, and helicopter searches for marijuana. He testified that the defendant's case was not discussed nor was reference made to the subject of drinking or driving under the influence of alcohol. Trooper McDonald also had coffee with one of the jurors on the morning of the trial, but he testified that it was before he knew who the jurors were and the case was not discussed. Following the trooper's testimony and after hearing arguments of counsel, the court denied the defendant's motion for acquittal, or in the alternative, for a mistrial. The court also denied the defendant's motion for a new trial which was based in part on the improper communication between Trooper McDonald and members of the jury.

In syllabus point 7, in part, of *State v. Johnson,* 111 W.Va. 653, 164 S.E. 31 (1932), we stated:

A motion for a new trial on the ground of the misconduct of a jury is addressed to the sound discretion of the court, which as a rule will not be disturbed on appeal where it appears that defendant was not injured by the misconduct or influence complained of.

*See also, State v. Gilliam,* 169 W.Va. 746, 289 S.E.2d 471 (1982).

■ We do not think that the trial court in this case abused its discretion in failing to find that the defendant was injured by the fact that the trooper carried on a short conversation with several members of the jury, when the conversation did not in any manner relate to the defendant's case. Although this type of communication is neither condoned nor approved, *see, W.Va. Code,* 62-3-6 [1965], the trial judge heard evidence relating to the conversation and found that no prejudice resulted therefrom. It was within the judge's discretion to make this decision and there is nothing to show that there was an abuse of that discretion.

The defendant contends that the prosecutor misstated the facts during closing arguments when he told the jury that the defendant testified that he had been drinking all day at the Millstone Inn. In point of fact, the defendant testified that he drank "a lot" on the day of the accident and that he had started drinking earlier that morning.

Previously in this opinion, we addressed this issue in the context of opening statements and cited syllabus point 1 of *State v. Dunn, supra:* "A judgment of conviction will not be reversed because of improper remarks made by a prosecuting attorney in his opening statement to a jury which do not clearly prejudice the accused or result in manifest injustice." The same rule applies to closing statements or any remarks made during a trial in front of a jury. *State v. Brewster,* 164 W.Va. 173, 261 S.E.2d 77 (1979).

■ We see little difference between the defendant's testimony and the characterization of that testimony by the prosecutor. We do not believe the difference is suffi-

ciently prejudicial to constitute reversible error.

The defendant also contends that the evidence was insufficient to support the verdict against him and that the court erred in refusing to grant his motion for acquittal. This Court set out the standard to be used in analyzing the sufficiency of the evidence on appeal in syllabus point 1 of *State v. Starkey*, 161 W.Va. 517, 244 S.E.2d 219 (1978):

> In a criminal case, a verdict of guilt will not be set aside on the ground that it is contrary to the evidence, when the state's evidence is sufficient to convince impartial minds of the guilt of the defendant beyond a reasonable doubt. The evidence is to be viewed in the light most favorable to the prosecution. To warrant interference with a verdict of guilt on the ground of insufficiency of evidence, the court must be convinced that the evidence was manifestly inadequate and that consequent injustice has been done.

After reviewing the record in the case before us, we cannot say that the evidence of the defendant's guilt was manifestly inadequate. Although the evidence was conflicting on the critical issue of who was driving the car when the accident occurred, the jury obviously believed that the defendant was the driver as they were entitled to do. There was evidence from two State Police troopers that the defendant admitted being the driver of the car. In addition, Joseph America, who saw the accident, testified that he was the first person to approach the vehicle after the accident and when he arrived the defendant was on the driver's side of the car. Finally, the State presented evidence of the defendant's intoxication. We believe this evidence was sufficient to support the conviction and was not, as required for reversal by *State v. Starkey, supra*, manifestly inadequate.

The defendant assigns several other grounds for reversal of his conviction. We have carefully examined each of them and find no error.[3]

Accordingly, the judgment of the Circuit Court of Calhoun County is affirmed.

Affirmed.

---

3. The assigned errors include: failure to grant a mistrial for violation of a sequestration order; allowing a witness to testify about road conditions; the refusal to give certain instructions and the amendment of others; and overruling a motion to dismiss filed prior to trial.