687 S.E.2d 133

**STATE of West Virginia, Plaintiff Below, Appellee**

v.

**Ronnie Allen RUSH, Defendant Below, Appellant.**

**No. 34721.**

Supreme Court of Appeals of West Virginia.

Submitted Sept. 22, 2009.

Decided Nov. 18, 2009.

Rocky D. Holmes, Esq., Teresa C. Monk, Esq., Public Defender Corporation, Spencer, WV, for Appellant.

Darrell V. McGraw, Jr., Esq., Attorney General, Robert D. Goldberg, Esq., Assistant Attorney General, for Appellee.

PER CURIAM:

The appellant, Ronnie Rush, appeals his convictions in the Circuit Court of Jackson County of two counts of voluntary manslaughter, one count of robbery, one count of burglary, and one count of conspiracy. For the reasons provided below, we reverse the convictions.

## I.

## FACTS

A thumbnail sketch of the pertinent facts are as follows. The appellant's trial for murder, robbery, burglary, and conspiracy occurred on November 6, 2007, through November 9, 2007, in the Circuit Court of Jackson County.[1] The State's representative at trial was Trooper Douglas Starcher of the West Virginia State Police. Trooper Starcher was the lead investigator in the case and he sat beside the prosecuting attorney for the duration of the trial. On the first day of trial, Trooper Starcher testified that he was one of the first officers to arrive at the scene of the crime, and he described the crime scene in detail. He further testified of a recorded interview he conducted of the appellant which was subsequently played for the jury.

At the lunch break of the second day of trial, Trooper Starcher was witnessed by defense counsel conversing with four jurors in front of the Jackson County Courthouse.

After defense counsel notified the circuit court of this matter, the court immediately held an *in camera* evidentiary hearing at which Trooper Starcher and the four jurors testified of the nature of their conversation. They all agreed that the conversation concerned football and hunting, and that the appellant's trial was not discussed. Two of the jurors who each testified that he discussed a mutual friend with Trooper Starcher were excused from the jury. The appellant then moved for a mistrial based on Trooper Starcher's conversation with the jurors. The circuit court, after finding that the appellant failed to show prejudice as a result of the conversation, denied the motion.

The appellant was subsequently convicted of two counts of voluntary manslaughter, first-degree robbery, burglary, and conspiracy to commit burglary.[2] Thereafter, the appellant made a motion for a new trial based on Trooper Starcher's conversation with the jurors. In support of the motion, the appellant elicited the testimony of one of the jurors in the appellant's trial, Lakrisa Rhodes. Ms. Rhodes testified that one of the two jurors who conversed with Trooper Starcher and who remained on the jury panel was visibly angry after being questioned by the court. The circuit court denied the appellant's motion for a new trial, again after finding that the appellant failed to show prejudice.

The appellant now appeals the circuit court's denial of his motion for a mistrial and his motion for a new trial.

## II.

## STANDARD OF REVIEW

■ This Court will review the circuit court's denial of the appellant's motion for a mistrial and his motion for a new trial for an abuse of discretion. *See State v. Lowery*, 222 W.Va. 284, 288, 664 S.E.2d 169, 173 (2008)

---

1. The appellant originally was convicted in the Circuit Court of Calhoun County of two counts of voluntary manslaughter, robbery, nighttime burglary, and conspiracy to commit burglary. In *State v. Rush*, 219 W.Va. 717, 639 S.E.2d 809 (2006), this Court reversed the appellant's convictions and remanded for a new trial. On remand, the trial was moved to Jackson County.

2. The jury convicted the appellant of two counts of first-degree murder, but the circuit court reduced this verdict to two counts of voluntary manslaughter due to the fact that the appellant, in his first trial, had been convicted of two counts of manslaughter. *See* n. 1, *supra*.

(explaining that "[t]he decision to grant or deny a motion for mistrial is reviewed under an abuse of discretion standard."); *State v. Crouch*, 191 W.Va. 272, 275, 445 S.E.2d 213, 216 (1994) (indicating that "[t]he question of whether a new trial should be granted is within the discretion of the trial court and is reviewable only in the case of abuse." (Citation omitted)).

## III.

### DISCUSSION

█ The sole issue before this Court is whether the circuit court's denial of the appellant's motions for relief based on Trooper Starcher's conversation with four jurors was an abuse of the court's discretion.

█ This Court previously indicated in *State v. Waugh*, 221 W.Va. 50, 56, 650 S.E.2d 149, 155 (2007):

[T]here is no automatic requirement that mandates the reversal of a conviction whenever a witness for the State comes into contact with the jury. Instead, what is required is a factual analysis that focuses on the length and degree of contact between the jury and the witness, as well as an inquiry into whether the witness provided testimony that was crucial to the conviction, or merely formal in nature. (Citation omitted.).

Consistent with this approach, this Court has held:

A motion for a new trial on the ground of the misconduct of a jury is addressed to the sound discretion of the court, which as a rule will not be disturbed on appeal where it appears that defendant was not injured by the misconduct or influence complained of.

Syllabus Point 7, in part, *State v. Johnson*, 111 W.Va. 653, 164 S.E. 31 (1932). In the recent case of *State v. Holland*, 178 W.Va. 744, 364 S.E.2d 535 (1987), this Court considered the same issue as is present in the instant case.

In *Holland*, the defendant was convicted of driving under the influence of alcohol, second offense. At trial, the investigating officer, Trooper McDonald, testified that upon en-

countering the defendant at the scene of an automobile accident, it was obvious that the defendant was under the influence of alcohol. On appeal to this Court, the defendant contended that the circuit court erred in denying his motion for acquittal or for a mistrial based on the fact that Trooper McDonald conversed with several jurors out of the presence of the parties. Specifically,

The record indicates that the conversation lasted approximately five minutes and occurred while the parties were engaged in *in camera* proceedings in the judge's chambers. Trooper McDonald testified that the subjects of the conversation included Calhoun County football games, deer hunting, and helicopter searches for marijuana. He testified that the defendant's case was not discussed nor was reference made to the subject of drinking or driving under the influence of alcohol. Trooper McDonald also had coffee with one of the jurors on the morning of the trial, but he testified that it was before he knew who the jurors were and the case was not discussed.

*Holland*, 178 W.Va. at 748, 364 S.E.2d at 539. Upon applying our holding in *Johnson*, this Court concluded:

We do not think that the trial court in this case abused its discretion in failing to find that the defendant was injured by the fact that the trooper carried on a short conversation with several members of the jury, when the conversation did not in any manner relate to the defendant's case. Although this type of communication is neither condoned nor approved, *see*, *W. Va. Code*, 62–3–6 [1965], the trial judge heard evidence relating to the conversation and found that no prejudice resulted therefrom. It was within the judge's discretion to make this decision and there is nothing to show that there was an abuse of that discretion.

*Id.*

We believe that our decision in *Holland* is inapplicable to the case before us because there are several significant facts that distinguish the instant case from *Holland*. First, Trooper Starcher sat at the prosecutor's table throughout the trial. As a result, Trooper Starcher was more than a key witness for

the State but was, in fact, identified with the State. Also significant is the fact that the conversation in *Holland* lasted for only about five minutes whereas the conversation in the instant case lasted from fifteen to twenty minutes. As this Court stated in *State v. Waugh, supra,* in determining whether to reverse a conviction when a State's witness comes into contact with the jury, we consider the length and degree of contact and whether the witness's testimony was crucial to the conviction or merely formal. The contact in the instant case involved a lengthy conversation between a person strongly identified with the State as well as one who provided crucial testimony concerning statements made by the appellant during an interview.[3] Therefore, we find that the circuit court abused its discretion in denying the appellant's motions for a mistrial and for a new trial.

---

**3.** While it is true that Trooper Starcher's testimony, was largely corroborated by the testimony of Calhoun County Sheriff Carl Ballengee, the fact remains that Trooper Starcher provided crucial testimony with regard to the initial investigation of the crime scene and his interview with the appellant.

## IV.

### CONCLUSION

For the foregoing reasons, we reverse the ruling of the Circuit Court of Jackson County denying the appellant's motion for a mistrial and the court's April 29, 2008, order denying the appellant's motion for a new trial, and we remand to the circuit court for proceedings consistent with this opinion.

Reversed and Remanded.