# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**State of West Virginia, Plaintiff Below,**
**Respondent**

**vs) No. 14-0439** (Harrison County 13-F-75)

**Frank A., Defendant Below,**
**Petitioner**

**FILED**

February 27, 2015

RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

## MEMORANDUM DECISION

Petitioner, Frank A., by counsel, Dennis E. Kelley, appeals the order of the Circuit Court of Harrison County, entered March 6, 2014, sentencing him for his convictions for the offenses of two counts of sexual assault in the first degree, and two counts of sexual abuse by a parent, guardian, or custodian. Respondent, State of West Virginia, filed a response by counsel, Julie Warren.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

In May of 2013, petitioner was indicted in a multi-count indictment for two counts of first degree sexual assault against a minor child, J.A.;[1] two counts of sexual abuse by a parent, guardian, or custodian against a minor child, J.A.; two counts of second degree sexual assault against a minor child, S.A.; two counts of sexual abuse by a parent, guardian, or custodian against a minor child, S.A.; two counts of first degree sexual assault against a minor child, A.A. (petitioner's daughter); and two counts of sexual abuse by a parent, guardian, or custodian against a minor child, A.A.

In December of 2013, at trial, A.A. testified that her father lived with her family from 2003 to 2004. Over the course of those two years, when A.A. was between the ages of thirteen and fifteen, petitioner repeatedly attempted to sexually assault her by dragging her into the laundry room and fondling her. A.A. testified that she fought back. When she was fifteen, A.A. told her mother about the assaults. Her mother immediately took her to a police station and filed charges. A.A. further testified that the charges were ultimately dismissed because she recanted

---

[1]Consistent with our practice in cases involving sensitive matters, we use initials to protect the identity of the child victims in this case. *See* W.Va. R.A.P. 40(e)(1); *State v. Edward Charles L.*, 183 W.Va. 641, 645 n.1, 398 S.E.2d 123, 127 n.1 (1990).

her story as she did not want to face petitioner in court.

In petitioner's presentation of evidence, petitioner presented the testimony of Ms. Terry Walker, of the West Virginia Department of Health and Human Resources, Child Protective Services (CPS). At the time of the trial, Ms. Walker testified she had been employed with CPS for twenty-nine years. While Ms. Walker originally interviewed A.A. in 2003, she was not present when A.A. recanted, and was aware that the prior charges were dismissed. She testified that in her tenure with the CPS she conducted hundreds of investigations of sexual assault, and sexual abuse, and her work at CPS included working with children who were victims of sexual abuse and assault. On cross-examination, Ms. Walker was asked whether it was "normal for a victim of sexual assault and sexual abuse to recant." Petitioner's counsel first objected, stating that Ms. Walker would need to be qualified as an expert to offer such an opinion, but then withdrew the objection and informed the circuit court that petitioner would stipulate to her expert qualifications. Upon the stipulation of counsel, Ms. Walker went on to testify that in her experience, there were situations where children recanted allegations of sexual assault and abuse, and that children recant for different reasons. Ms. Walker further opined that just because a child recants that does not mean the sexual assault or abuse did not happen.

Petitioner testified in his defense. On cross-examination, petitioner was asked if he recalled seeing the witness statement of J.G. in the investigation report. J.G. was not called to testify and did not testify. Petitioner was not questioned regarding the substance of the report. At another time during cross-examination, the State questioned petitioner regarding petitioner's prior direct testimony that S.A. never previously accused him of sexual abuse. Petitioner denied that S.A. had accused him of sexual abuse prior to the instant charges, and the prosecutor questioned him regarding testimony by S.A. at a family court hearing in which the child previously alleged he was abused by petitioner. Petitioner's counsel did not object during the cross-examination to these questions.

The jury found petitioner guilty of two counts of first degree sexual assault against a minor child, A.A. (counts ten and twelve), and two counts of sexual abuse by a parent, guardian, or custodian against a minor child A.A. (counts nine and eleven). Petitioner was sentenced to ten to twenty years for each of the two counts of sexual abuse by a parent, guardian, or custodian, which were to run consecutively to each other. Petitioner was also sentenced to one to five years for each of the counts of sexual abuse in the first degree, which were to run concurrently to his sentence of ten to twenty years for his conviction of count twelve. Petitioner now appeals.

Petitioner raises several grounds on appeal including petitioner alleges (1) that the circuit court erred by allowing the complaining officer to respond to a question from a grand juror regarding petitioner's prior record; (2) that the circuit court erred in going forward with a trial, when it was clear that petitioner did not understand a plea offer, and that petitioner was of limited mental status; (3) that the circuit court erred in admitting evidence of a prior arrest without a West Virginia Rule of Evidence 404(b) hearing; (4) that the circuit court erred by allowing improper expert testimony without foundation or qualification; and (5) that the circuit court erred in permitting the prosecutor to ask petitioner about statements made against him by individuals who were not called as witnesses or available for cross-examination. Because these alleged errors concern different principles of law, the applicable standards of review will be

incorporated into the discussion of each issue. We note initially, however, that "'[a] reviewing court should not reverse a criminal case on the facts which have been passed upon by the jury, unless the court can say that there is reasonable doubt of guilt and that the verdict must have been the result of misapprehension, or passion and prejudice.' Syllabus point 3, *State v. Sprigg*, 103 W.Va. 404, 137 S.E. 746 (1927)." Syl. Pt. 1, *State v. Easton*, 203 W.Va. 631, 510 S.E.2d 465 (1998).

Petitioner first alleges that the circuit court erred by allowing the complaining officer to respond to a question from a grand juror regarding petitioner's prior record. Before the grand jury, the arresting officer testified that petitioner had been charged previously for a crime related to sexual assault or abuse, but that the charges were dismissed. Petitioner asserts that this evidence was improper and required a hearing to be held pursuant to West Virginia Rule of Evidence 404(b), before the evidence could be found to be admissible, and that the statements "clearly poisoned" the grand jury panel against him.

This Court has long held that "[e]xcept for willful, intentional fraud the law of this State does not permit the court to go behind an indictment to inquire into the evidence considered by the grand jury, either to determine its legality or its sufficiency." Syl., *Barker v. Fox*, 160 W.Va. 749, 238 S.E.2d 235 (1977). Furthermore, "[t]his Court reviews indictments only for constitutional error and prosecutorial misconduct." *State v. Adams*, 193 W.Va. 277, 284, 456 S.E.2d 4, 11 (1995). We find no merit to this assignment of error because petitioner has not alleged any constitutional error or prosecutorial misconduct.

Petitioner next asserts, under a plain error analysis[2] that the circuit court erred in allowing the case to proceed to trial, when it was clear that petitioner was of limited mental status and did not understand a plea offer. Petitioner offers no argument on this issue, but simply attaches a portion of the trial transcript, in which the circuit court asked petitioner about the nature and status of plea negotiations with the State, and petitioner's response indicated that he had forgotten the details of the most recent plea offer. The circuit court then asked petitioner if there was a reason why he had forgotten the substance of the plea offer, and petitioner replied that he had forgotten the exact terms of the plea offer. The court then sought clarification from petitioner's counsel. After the circuit court recited the terms of the plea agreement to petitioner, petitioner indicated to the circuit court that he understood the agreement, but chose to decline it. The matter then went to trial.

We find the circuit court did not commit error by failing to order a mental competency evaluation of petitioner. "Because a trial court is able to observe the demeanor of the defendant and consequently has a better vantage point than this Court to make determinations regarding mental competency, we will disturb a lower court's ruling denying a psychiatric examination and related proceedings only where there has been an abuse of discretion." *State v. Saunders,* 209 W.Va. 367, 379, 549 S.E.2d 40, 52 (2001) (citing *State v. Arnold,* 159 W.Va. 158, 163, 219

---

[2] "To trigger application of the "plain error" doctrine, there must be (1) an error; (2) that is plain; (3) that affects substantial rights; and (4) seriously affects the fairness, integrity, or public reputation of the judicial proceedings." Syl. Pt. 7, *State v. Miller*, 194 W.Va. 3, 459 S.E.2d 114 (1995).

S.E.2d 922, 925 (1975) (overruled on other grounds)). Counsel for petitioner did not present any evidence to the circuit court that petitioner engaged in irrational behavior, had a mental illness, exhibited any behavioral abnormalities, or had previously been confined due to mental issues, nor was there any testimony of incompetence. There was no motion for a mental competency evaluation prior to or during the jury trial, and it appears from the record below that neither the circuit court, the prosecutor, nor trial counsel had noticed any concerning behavior during the trial or the hearings prior to trial. In addition, petitioner clearly indicated to the circuit court that he understood and did not wish to accept the plea offer of the State of West Virginia.

Further, we find the trial court did not err in proceeding to trial despite petitioner's temporary confusion regarding the plea offer from the State of West Virginia. There is no absolute right under either the West Virginia or the United States Constitutions to a plea bargain. *See Myers v. Frazier*, 173 W.Va. 658, 664 n. 5, 319 S.E.2d 782, 788 n.5 (1984). (A defendant has "no constitutional right to have his case disposed of by way of a plea bargain.") (Citations omitted.) Furthermore, in the very excerpt from the transcript which petitioner cites in his brief, petitioner told the circuit court that he understood the plea offer and chose not to accept it. As petitioner was not entitled to a plea bargain in this matter, and explicitly told the circuit court that he understood the proposed plea agreement and rejected the agreement, we find this assignment of error has no merit.

Petitioner's third and fourth assignments of error relate to the admission of evidence during trial. Petitioner argues, under a plain error analysis, that the circuit court erred by admitting evidence of a prior arrest without a hearing pursuant to West Virginia Rule of Evidence 404(b)[3]. Petitioner asserts that the prosecuting attorney improperly mentioned in his

---

[3] This Court has held with regard to 404(b) evidence:

> Where an offer of evidence is made under Rule 404(b) of the West Virginia Rules of Evidence, the trial court, pursuant to Rule 104(a) of the West Virginia Rules of Evidence, is to determine its admissibility. Before admitting the evidence, the trial court should conduct an *in camera* hearing as stated in *State v. Dolin,* 176 W.Va. 688, 347 S.E.2d 208 (1986). After hearing the evidence and arguments of counsel, the trial court must be satisfied by a preponderance of the evidence that the acts or conduct occurred and that the defendant committed the acts. If the trial court does not find by a preponderance of the evidence that the acts or conduct was committed or that the defendant was the actor, the evidence should be excluded under Rule 404(b). If a sufficient showing has been made, the trial court must then determine the relevancy of the evidence under Rules 401 and 402 of the West Virginia Rules of Evidence and conduct the balancing required under Rule 403 of the West Virginia Rules of Evidence. If the trial court is then satisfied that the Rule 404(b) evidence is admissible, it should instruct the jury on the limited purpose for which such evidence has been admitted. A limiting instruction should be given at the time the evidence is offered, and we recommend that it be repeated in the trial court's general charge to the jury at the conclusion of the evidence.

opening statement criminal charges filed by A.A. against petitioner in 2003, which were dismissed. Petitioner also alleges that subsequently, while questioning J.A., another trial witness, the prosecutor elicited from J.A. that he had not seen petitioner, his father, since a previous court hearing. Petitioner asserts that this line of questioning indicated to the jury that petitioner was previously the subject of different court proceedings, and that this information was prejudicial to petitioner.

Likewise, petitioner argues that the circuit court allowed improper expert testimony of Ms. Walker of CPS, without foundation or qualification. We find the trial court did not err in admitting the testimony of Ms. Walker. At trial, petitioner initially objected to the opinion testimony of Ms. Walker solicited by the State of West Virginia, regarding the frequency of child victims recanting their testimony. However, petitioner's trial counsel not only withdrew the objection, but stipulated to the qualifications of Ms. Walker, and elicited Ms. Walker's expert opinion on re-direct examination.

We note that "[a] trial court's evidentiary rulings, as well as its application of the Rules of Evidence, are subject to review under an abuse of discretion standard." Syl. Pt. 3, *State v. Larry M.*, 215 W.Va. 358, 559 S.E.2d 781 (2004) (citation omitted). It is clear from the record that petitioner did not object in either instance to the opening statement or subsequent questioning of the prosecuting attorney. Additionally, petitioner withdrew his objection to the expert testimony of Ms. Walker, and stipulated to her qualifications as an expert. "Errors assigned for the first time on appeal will not be regarded in any matter of which the trial court had jurisdiction or which might have been remedied in the trial court had objection been raised there." *State v. Dennis*, 216 W.Va. 331, 350, 607 S.E.2d 437, 456 (2004). Therefore, we find petitioner waived any objection to the statements of the prosecuting attorney and the testimony of Ms. Walker and find the circuit court did not abuse its discretion in allowing the subject evidence.

Petitioner's final assignment of error claims that the circuit court erred by allowing the prosecuting attorney to ask the defendant about statements made against him by individuals who were not called as trial witnesses and who were unavailable for cross-examination. During cross-examination, the prosecutor twice asked the petitioner about statements made by witnesses who did not testify at trial. Petitioner contends this was a violation of the Sixth Amendment of the United States Constitution, section 14, article III of the West Virginia Constitution and the United States Supreme Court decision *Crawford v. Washington*, 541 U.S. 36 (2004). In one instance, the prosecutor mentioned a witness, J.G., who gave a statement regarding prior

Syl. Pt. 2, *State v. McGinnis*, 193 W.Va. 147, 455 S.E.2d 516 (1994). While a hearing was not held on the evidence in question, we decline petitioner's assignment of error. Petitioner did not object in either instance to the statements of the prosecuting attorney. Further, "'[a] judgment of conviction will not be reversed because of improper remarks made by a prosecuting attorney in his opening statement to a jury which do not clearly prejudice the accused or result in manifest injustice.' Syllabus Point 1, *State v. Dunn,* 162 W.Va. 63, 246 S.E.2d 245 (1978)." Syl. Pt. 1, *State v. Holland***,** 178 W.Va. 744, 364 S.E.2d 535 (1987). The prior accusations by A.A. mentioned by the prosecuting attorney in opening statement were a part of the current indictment for which petitioner was going to trial. In addition, the prior charges were referenced by petitioner's counsel in his cross examination of A.A.

allegations against petitioner not contained in the indictment. In the other, the prosecutor referenced statements given to police by S.A., and asked the defendant upon cross-examination if S.A., had previously accused him of sexual assault or abuse.

This Court finds no merit to petitioner's claim. "Pursuant to *Crawford v. Washington,* 541 U.S. 36, 124 S. Ct. 1354, 158 L.Ed.2d 177 (2004), the Confrontation Clause contained in the Sixth Amendment to the *United States Constitution* and Section 14 of Article III of the *West Virginia Constitution* bars the admission of a testimonial statement by a witness who does not appear at trial, unless the witness is unavailable to testify and the accused had a prior opportunity to cross-examine the witness." Syl. Pt. 6, *State v. Mechling,* 219 W.Va. 366, 633 S.E.2d 311 (2006). However, in this case, petitioner's counsel raised the issue of S.A.'s prior allegations of sexual abuse during the presentation of petitioner's evidence. Therefore, petitioner's counsel opened the door for questions regarding these previous allegations on cross-examination. This Court has held, "[t]he curative admissibility rule allows a party to present otherwise inadmissible evidence on an evidentiary point where an opponent has 'opened the door' by introducing similarly inadmissible evidence on the same point." Syl. Pt. 10, in part, *State v. Guthrie*, 194 W.Va. 657, 461 S.E.2d 163 (1995). Further, we have ruled that, "[a]n appellant or plaintiff in error will not be permitted to complain of error in the admission of evidence which he offered or elicited, and this is true even of a defendant in a criminal case." Syl. Pt. 2, *State v. Bowman*, 155 W.Va. 562, 184 S.E.2d 314 (1971). Consequently, we find that petitioner's counsel "opened the door" to the questioning and the circuit court committed no error.

Additionally, we find that the circuit court did not err by allowing questions regarding the statement of the witness, J.G. A review of the record reveals that the prosecuting attorney did not inquire into the substance of the statement, nor was the statement introduced into evidence. The prosecuting attorney simply asked petitioner if he had seen the particular witness statement. This inquiry was not testimonial in nature, and therefore does not trigger the application of the Confrontation Clause of the United States Constitution or Section 14, Article III of the West Virginia Constitution. *See Mechling*, 219 W.Va. at 373, 633 S.E.2d at 318 (stating that "Non-testimonial statements by an unavailable declarant, . . . are not precluded from use by the Confrontation Clause.").

For the foregoing reasons, we affirm.

Affirmed.

**ISSUED:** February 27, 2015

**CONCURRED IN BY:**

Chief Justice Margaret L. Workman
Justice Robin Jean Davis
Justice Brent D. Benjamin
Justice Menis E. Ketchum
Justice Allen H. Loughry II

6