# STATE OF WEST VIRGINIA
# SUPREME COURT OF APPEALS

Harold B.,
Petitioner Below, Petitioner

**FILED**

**September 19, 2016**

RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

vs) No. 16-0029 (Harrison County 13-C-200-3)

David Ballard, Warden,
Mt. Olive Correctional Complex,
Respondent Below, Respondent

## MEMORANDUM DECISION

Petitioner Harold B., by counsel Jason T. Gain, appeals the Circuit Court of Harrison County's December 14, 2015, order denying his petition for writ of habeas corpus.[1] Respondent David Ballard, Warden, by counsel Gordon L. Mowen II, filed a response. Petitioner filed a reply. On appeal, petitioner alleges that the circuit court erred in denying his habeas petition on the grounds of ineffective assistance of counsel and improper remarks by the prosecution.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

Petitioner was indicted during the May of 2010 term of court on the following five counts: one count of first-degree sexual assault; two counts of first-degree sexual abuse; and two counts of sexual abuse by a parent, guardian, or custodian. Upon petitioner's motion, one count of first-degree sexual abuse involving a different victim was severed. Following a jury trial, petitioner was convicted in December of 2010 of one count of first-degree sexual assault and one count of sexual abuse by a parent, guardian, or custodian. Petitioner was acquitted of the remaining two charges.

In May of 2011, petitioner was sentenced to a term of incarceration of ten to twenty years for his conviction of sexual abuse by a parent, guardian, or custodian, and a term of incarceration

---

[1]Consistent with our long-standing practice in cases with sensitive facts, we use initials where necessary to protect the identities of those involved in this case. *See In re K.H.*, 235 W.Va. 254, 773 S.E.2d 20 (2015); *Melinda H. v. William R. II*, 230 W.Va. 731, 742 S.E.2d 419 (2013); *State v. Brandon B.*, 218 W.Va. 324, 624 S.E.2d 761 (2005); *State v. Edward Charles L.*, 183 W.Va. 641, 398 S.E.2d 123 (1990).

of 25 to 100 years for his conviction of first-degree sexual assault. Thereafter, petitioner appealed his conviction to this Court, and we affirmed the same by memorandum decision in May of 2012. *See State v. H.M.B.*, No. 11-0941, 2012 WL 3079154 (W.Va. May 29, 2012) (memorandum decision).

Thereafter, petitioner filed a petition for writ of habeas corpus in the circuit court in May of 2013. The circuit court appointed counsel to represent petitioner in the proceeding and then held an omnibus hearing in February of 2015. At the hearing, the circuit court addressed all the grounds petitioner raised, which included ineffective assistance of counsel; constitutional errors in evidentiary rulings; allegedly prejudicial statements by the prosecution; sufficiency of the evidence; and improper communications between the prosecution or witnesses and the jury. After a review of petitioner's claims, the circuit court denied the petition by order entered in December of 2015. It is from this order that petitioner appeals.

This Court reviews appeals of circuit court orders denying habeas corpus relief under the following standard:

> "In reviewing challenges to the findings and conclusions of the circuit court in a habeas corpus action, we apply a three-prong standard of review. We review the final order and the ultimate disposition under an abuse of discretion standard; the underlying factual findings under a clearly erroneous standard; and questions of law are subject to a *de novo* review." Syllabus point 1, *Mathena v. Haines*, 219 W.Va. 417, 633 S.E.2d 771 (2006).

Syl. Pt. 1, *State ex rel. Franklin v. McBride*, 226 W.Va. 375, 701 S.E.2d 97 (2009).

On appeal to this Court, petitioner alleges that he was entitled to habeas relief because his prior habeas counsel was ineffective and because the prosecutor made allegedly prejudicial remarks to the jury.[2] The Court, however, does not agree.

---

[2]Specifically, in his petition for writ of habeas corpus below, petitioner alleged that trial counsel was ineffective for failing to effectively cross-examine the victim. On appeal to this Court, however, petitioner abandons this argument in favor of alleging that he was denied his constitutional right to cross-examine the witness because she was not competent. In support of this argument, petitioner cites the habeas court's finding that he was not denied effective assistance of counsel in regard to the cross-examination of the victim because "it is more than reasonable to believe that a harsh cross-examination of a five[-]year[-]old alleged sexual assault victim would prove distasteful to a jury." According to petitioner, this finding is "legally correct," although he argues that it only highlights the fact that he was denied a meaningful opportunity to confront the victim. As such, he argues that "it is more appropriate for this Court to treat this assignment of error as a denial of a right to effectively cross[-]examine under the plain error doctrine." The Court, however, does not agree. Petitioner admits that the circuit court's ruling on his claim of ineffective assistance of counsel does not constitute error. Moreover, petitioner failed to raise the allegation that he was somehow denied the right to effectively cross-examine the victim because the jury may have found the same "distasteful" in (continued . . . )

Upon our review and consideration of the circuit court's order, the parties' arguments, and the record submitted on appeal, we find no error or abuse of discretion by the circuit court. Our review of the record supports the circuit court's decision to deny petitioner post-conviction habeas corpus relief based on these alleged errors, which were also argued below. Indeed, the circuit court's order includes well-reasoned findings and conclusions as to the assignments of error raised on appeal. Given our conclusion that the circuit court's order and the record before us reflect no clear error or abuse of discretion, we hereby adopt and incorporate the circuit court's findings and conclusions as they relate to petitioner's assignments of error raised herein and direct the Clerk to attach a copy of the circuit court's December 14, 2015, "Order Denying Petition For Habeas Corpus Relief" to this memorandum decision.

For the foregoing reasons, we affirm.

Affirmed.

**ISSUED: September 19, 2016**

**CONCURRED IN BY:**

Chief Justice Menis E. Ketchum
Justice Robin Jean Davis
Justice Brent D. Benjamin
Justice Margaret L. Workman
Justice Allen H. Loughry II

---

the proceedings below. We have routinely held that "[o]ur general rule is that nonjurisdictional questions . . . raised for the first time on appeal, will not be considered." *Shaffer v. Acme Limestone Co., Inc.*, 206 W.Va. 333, 349 n. 20, 524 S.E.2d 688, 704 n. 20 (1999). *See also*, *Whitlow v. Board of Education*, 190 W.Va. 223, 226, 438 S.E.2d 15, 18 (1993) ("Our general rule in this regard is that, when nonjurisdictional questions have not been decided at the trial court level and are then first raised before this Court, they will not be considered on appeal."); *Konchesky v. S.J. Groves & Sons Co., Inc.*, 148 W.Va. 411, 414, 135 S.E.2d 299, 302 (1964) ("[I]t has always been necessary for a party to object or except in some manner to the ruling of a trial court, in order to give said court an opportunity to rule on such objection before this Court will consider such matter on appeal."). As such, we decline to address petitioner's allegation that he was denied a constitutional right to confront the victim on cross-examination, to the extent that this allegation was not raised below.

12/15/15   JB·TM  UTC)

16-0029  AR

CIRCUIT COURT OF HARRISON COUNTY, WEST VIRGINIA

HAROLD        B

Petitioner,

v.                                          Civil Case No. 13-C-200-3
                                            Judge James A. Matish

DAVID BALLARD, Warden,
Mount Olive Correctional Complex,

Respondent.

## ORDER DENYING PETITION FOR HABEAS CORPUS RELIEF

On February 10, 2015, came the Petitioner, Harold        B.      , via video conference and by his counsel, Rocco Mazzei. Came also the Respondent, David Ballard, Warden of Mount Olive Correctional Complex, not in person but by counsel, Andrea Roberts, Assistant Prosecuting Attorney for Harrison County, West Virginia. The parties were present pursuant to an Order of the Court setting an Omnibus Hearing on the Petition for a Writ of Habeas Corpus previously filed herein.

Upon consideration of the evidence presented by the parties and contained in the record in the underlying criminal case in this matter, namely, Felony Number 10-F-83-3, in the Circuit Court of Harrison County, West Virginia, the arguments of counsel, and pertinent legal authority, the Court concludes that the Petitioner is not entitled to a Writ of Habeas Corpus and his Petition is therefore **DENIED**.

## I. FINDINGS OF FACT

1. The Petitioner was indicted in the May 2010 term on a five count indictment for the following crimes: one count of sexual assault in the first degree, two counts of sexual abuse in the first degree, and two counts of sexual abuse by a parent. Upon Petitioner's motion,

1

one count of sexual abuse in the first degree involved a different victim and it was severed from the other charges for purpose of a trial and a jury found Petitioner not guilty of this single count of first degree sexual abuse.

2. The Circuit Court appointed attorney Wiley Newbold to represent the Petitioner on the remaining felony counts that are relevant to the Petitioner's request for habeas relief.

3. On December 7, 2010, the Petitioner was found guilty of one count of sexual abuse by a parent, guardian, custodian, or person in a position of trust and one count of sexual assault in the first degree. The court entered judgment of acquittal on the remaining one count of sexual abuse by a parent, guardian, custodian, or person in a position of trust and one count of sexual abuse in the first degree.

4. On May 18, 2011, the Petitioner was sentenced to a period of not less than ten years not more than twenty years in the penitentiary with credit for time served and a fine of $500 plus court costs for the crime of sexual abuse by a parent, guardian, custodian, or person in a position of trust; he was also sentenced to a period of not less than twenty-five years not more than one hundred years with a fine of $5000 for the crime of sexual assault in the first degree, ordered to run concurrently with the first sentence.

5. The Petitioner filed an appeal to the West Virginia Supreme Court of Appeals, which affirmed the actions of the Circuit Court and was denied on May 29, 2012.

6. The Petitioner filed a Writ of Habeas Corpus on May 10, 2013. The Court appointed Jason Glass to represent the Petitioner on October 24, 2013; Mr. Glass subsequently withdrew as counsel and the Rocco Mazzei was appointed in his place on November 20, 2013.

7. An Omnibus hearing was held on Petitioner's petition for a Writ of Habeas Corpus on February 10, 2015.

8. A review of the "Checklist of Grounds for Post-Conviction Habeas Corpus Relief" filed by

2

the Petitioner pursuant to *Losh v. McKenzie*, 166 W.Va. 762, 277 S.E.2d 606 (1981), as confirmed by the Petitioner and his counsel upon the record in this matter at the time of the Omnibus Hearing, the Court notes that the Petitioner, Harold        B        , raises only the following *Losh* grounds:

    a. ineffective assistance of counsel (Losh Checklist No. 21);

    b. constitutional errors in evidentiary rulings (Losh Checklist No. 41);

    c. claims of prejudicial statements by prosecutor (Losh Checklist No. 44);

    d. sufficiency of evidence (Losh Checklist No. 45); and

    e. improper communications between prosecutor or witnesses and jury (Losh Checklist No. 48).

The Court will address each ground separately.

## II. CONCLUSIONS OF LAW

1. Ineffective Assistance of Counsel (*Losh* Checklist No. 21)

    The Petitioner alleges that his trial counsel (1) failed to object to what he considers leading questions by the prosecutor, (2) failed to effectively cross examine the victim, and (3) failed to have an exculpatory photo enhanced to prove his innocence, and therefore his trial counsel did not provide reasonable assistance.

    In order to find that an attorney's assistance is ineffective, the *Strickland* test must be applied, which states that (1) counsel's performance was deficient under an objective standard of reasonableness and (2) there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceedings would have been different. *Strickland v. Washington*, 466 U.S. 668 (1984). *State ex rel. Kitchen v. Painter* clarifies this test by holding that when an attack on counsel's performance as ineffective "arises from occurrences involving strategy, tactics and arguable courses

3

of action, his conduct will be deemed effectively assistive of his client interests, unless no reasonably qualified defense attorney would have so acted in the defense of an accused." 226 W.Va. 278, 700 S.E.2d 489 (2010). Failure to meet the burden of proof imposed by either part of the Strickland/Miller test is fatal to a habeas petitioner's claim. *State ex rel. Daniel v. Legursky*, 195 W.Va. 314, 465 S.E.2d 416 (1995). In addition, a "decision regarding trial tactics cannot be the basis for a claim of ineffective assistance of counsel unless counsel's tactics are shown to be so ill chosen that it permeates the entire trial with obvious unfairness." *Id.* The same case also states that "[i]n making the requisite showing of prejudice, a petitioner may demonstrate that the cumulative effect of counsel's individual acts or omissions was substantial enough to meet Strickland's test." *Id.* Further, when ruling on factors in a petition for habeas corpus, including whether actions of trial counsel could be considered to be strategic or tactical, the reviewing court must construe the actions in a light favorable to the prosecution. Syl. pt 1, *State v. Guthrie*, 194 W.Va. 657, 461 S.E.2d 163 (1995). Petitioner's burden in proving ineffective assistance of counsel is heavy as there is strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance. U.S.C.A. Const.Amend. 6; *see also State ex rel. Vernatter v. Warden, W. Virginia Penitentiary*, 207 W. Va. 11, 528 S.E.2d 207 (1999).

First, Petitioner alleges that his trial counsel failed to object to leading questions by the prosecutor. When the prosecutor was conducting direct examination of the victim, J.R., oftentimes a question was asked several times until the prosecutor's desired answer was given. A specific example of this occurrence, the Petitioner argues, included the victim twice responding "no" to whether she had ever received a "bad touch" and, after the prosecutor asked whether she was sure, the victim eventually responded to the "bad touch" question in the affirmative. As stated above, great deference is given to the strategy and tactic choices of counsel and the actions must be construed in the light most favorable to the prosecution. It is a very common concern that objections

4

often highlight a point that the objector actually wishes to conceal, among other reasons; in addition, special care is often taken in how an opposing attorney treats a young victim in front of a jury. The victim in this case was five years old. While she was on the witness stand, the jury was able to see any goading by the prosecutor in his direct examination of the victim and presumably weighed J.R.'s testimony accordingly. Additionally, regarding the missed opportunity to object, it is important to note that *Strickland* does not guarantee perfect representation, only a reasonably competent attorney. U.S.C.A. Const.Amend. 6, *Harrington v. Richter*, 562 U.S. 86 (2011). Trial counsel's inaction in this instance did not cause any substantial effect on the Petitioner's trial, and the Petitioner does not provide any argument to support the contention that, but-for the attorney's inactions, the outcome of the trial would have been different. Therefore, this ground is insufficient to support habeas corpus relief.

Next, Petitioner argues that his trial counsel did not effectively cross-examine the victim, J.R. The Petitioner does not claim that his counsel was ill-prepared; rather, he states that his attorney expressed concerns about how the jury would view certain treatment of the young alleged victim. With this information, it is clear that trial counsel calculated his cross-examination and exercised his right to conduct the Petitioner's case according to his own strategy. Ultimately, it is more than reasonable to believe that a harsh cross-examination of a five year old alleged sexual assault victim would prove distasteful to a jury. Therefore, because trial counsel made reasonable tactical decisions regarding the victim's cross-examination, this ground is not sufficient to support a claim for habeas corpus relief.

Third, the Petitioner asserts that his attorney failed to enhance a photo, which was used by the prosecution as evidence of his guilt, to show exculpatory details. Specifically, the prosecution used a photo of a man, alleged to be the Petitioner, on a tractor with the victim. The Petitioner claims that, if enhanced, the photo would reveal that it was not the Petitioner in the photo. The

5

Petitioner has tattoos on his forearms, yet the man in the photo, claims the Petitioner, does not. The Petitioner believes that the man in the photo is the victim's grandfather and that the photo was used inappropriately by the prosecution. The Petitioner argues that the photo had a large effect on the outcome of the case because it is the only evidence presented to the jury that depicts the victim on a tractor, which is where the alleged abuse took place. His attorney told him at the time that the photo was not very persuasive because the State was not arguing that the abuse took place on the day that the photo was taken, and noted that a witness had already identified the Petitioner as the man in the photo. Petitioner raised additional concerns about a photo of himself, alone, on a black tractor during winter months, when the girl testified that the abuse occurred on a green and yellow tractor in the summer. Again, trial counsel chose not to object.

As stated above, great deference must be given to trial counsel's strategic and tactical decisions. Trial counsel often tried to explain to the Petitioner why he chose not to object to certain evidence, indicating a proactive decision not to raise an objection, rather than negligence or accidental omission. The photos themselves are not "smoking guns" that necessarily swayed the jury one way or another; as such, it is not unreasonable that trial counsel would want to save objections for more meaningful issues. Therefore, because trial counsel made reasonable tactical decisions regarding when and when not to object to certain evidence, this ground is not sufficient to support a claim for habeas corpus relief.

2. Constitutional Errors in Evidentiary Rulings (*Losh* Checklist No. 41)

Petitioner asserts constitutional errors in evidentiary rulings as a ground in his Petition; however, the Court finds that the Petitioner failed to present any evidence in support of this ground and that this argument is therefore without merit.

6

3. Claims of Prejudicial Statements by Prosecutor (*Losh* Checklist No. 44)

Petitioner argues that the prosecutor made a prejudicial statement to the jury when, in closing, he stated that he had "forced" the victim to testify. Petitioner's trial counsel immediately objected and, after a discussion at the bench, the prosecutor proceeding with his closing and explained his use of the word "force" and described it as a poor word choice. The Petitioner has not provided any argument or evidence as to how this affected the outcome of his trial in any way. Therefore, this ground is not sufficient to support a claim for habeas corpus relief.

4. Sufficiency of Evidence (*Losh* Checklist No. 45)

Petitioner asserts sufficiency of evidence as a ground in his Petition; however, the Court finds that the Petitioner failed to present any evidence in support of this ground and that this argument is therefore without merit.

5. Improper Communications Between Prosecutor or Witnesses and Jury (*Losh* Checklist No. 48)

First, Petitioner asserts that improper communications occurred between an assistant prosecutor, Chet Walker, who was not involved in this case, and a member of the jury, Mr. Stout. According to the trial transcripts, Juror Stout walked out of the restroom and Mr. Walker attempted to shake his hand and say hello. Mr. Stout responded by telling Mr. Walker that he was on a jury and implied that he could not shake his hand; at that point, both parties turned and walked away from one another. Mr. Stout later told the Court that he was merely an acquaintance, rather than a close personal friend, of Mr. Walker's. The Court noted the occurrence and, finding no issue, allowed Mr. Stout to sit on the jury in the Petitioner's trial.

In *State v. Holland*, the West Virginia Supreme Court of Appeals addressed the issue of a state trooper having conversations with jurors after they were impaneled; in that case, the defendant was not entitled to a mistrial because the trooper and the jurors did not discuss the defendant's case or any issue associated with it. 178 W. Va. 744, 687 S.E.2d 133 (1997). The case was distinguished

7

by *State v. Rush*, where an out-of-court conversation among a State's witness, a police officer, and four jurors during a lunch break resulted in a mistrial. 224 W. Va. 544, 364 S.E.2d 535 (2009). In that case, the Court found that the conversation was lengthy and significant enough to necessitate mistrial, as the conversation had lasted up to twenty minutes and the witness was an officer who sat at the prosecution's table throughout the trial. *Id.*

To compare the Petitioner's instant claim of improper communication, the severity reaches nowhere close to situation illustrated by *Rush*; it is even difficult to even compare the almost-interaction of Mr. Stout and Mr. Walker to the conversation discussed in *Holland*. In this case, Mr. Stout did exactly what he should have done to avoid any appearance of impropriety and removed himself from any potential interaction with Mr. Walker. Run-ins with familiar faces occasionally occur, and the actions of both Mr. Stout and Mr. Walker in this instance were perfectly appropriate. In addition, the Petitioner provides no indication that Mr. Stout was swayed or biased by his brief encounter. Therefore, this ground in not sufficient to support a claim of habeas corpus relief.

Finally, the Petitioner argues that the victim's mother's presence in the courtroom throughout the trial is a violation of the Rules of Evidence and constitutes improper communication. At the onset of trial, a motion to sequester pursuant to Rule 615 of the West Virginia Rules of Evidence was granted, requiring all witnesses to remain outside the courtroom until they were called to testify. The Petitioner does not state the effect, if any, the presence of the victim's mother in courtroom had on the outcome of his trial. Furthermore, Petitioner's counsel did not object when the victim's mother subsequently took the stand, so any violation of the Court's sequestration order was waived by the Petitioner.

The presence of the Petitioner's mother does not require a mistrial, as the Petitioner argues. The West Virginia Supreme Court held in *State v. Wilson* that "[w]here a sequestered witness does not withdraw when ordered, or afterwards returns into the courtroom and is present during the

8

examination of other witnesses, it is discretionary with the judge whether or not he will allow this witness to be examined." Syllabus Point 7, *State v. Wilson*, 157 W.Va. 1036, 207 S.E.2d 174 (1974); *see also State v. Steele*, 178 W. Va. 330, 359 S.E.2d 558 (1987). In addition, a violation of a sequestration order does not in itself render the violating witness incompetent to testify. *State v. Steele* at 334/562 (internal citations omitted). As the Petitioner has not alleged any certain way in which the testimony of the victim's mother was swayed by testimony she heard from other witnesses or the victim herself, this Court is unconvinced that effect of the violation rendered a verdict that in any way violated the Petitioner's constitutional rights. Therefore, this ground is not sufficient to support a claim for habeas corpus relief.

## III. RULING

Based upon the foregoing conclusions, it is **ORDERED** that the Petitioner's Petition for a Writ of Habeas Corpus should be and the same is hereby **DENIED**.

It is further **ORDERED** that the writ is hereby discharged and the Petitioner is remanded to the custody of the Respondent to serve the sentence imposed by the valid judgment of imprisonment ordered in Felony Case No. 10-F-83-3.

It is further **ORDERED** that pursuant to W.Va. Code § 53-4A-4(b), all costs and expenses, including the attorney fees of Petitioner's counsel, shall be assessed by the Clerk of this Court against the Petitioner and the State of West Virginia shall have a judgment against him in said amount.

This is a final order from which any party may appeal by filing a notice of appeal and attachments with the Office of the Clerk of the Supreme Court of Appeals of West Virginia within thirty days of the entry of this order and by serving a copy on all parties who have appeared in this action, the Clerk of the Circuit Court of Harrison County, and the court reporter. In addition, within

9

four months of the entry of this judgment, any person wishing to appeal must file a petition for appeal with the Clerk of the Supreme Court of Appeals of West Virginia, and by serving a copy on all parties who have appeared in this action, the Clerk of the Circuit Court of Harrison County, and the court reporter.

This is a final Order. The Clerk shall remove this case from the Court's docket.

It is further **ORDERED** that the Clerk of this Court place a certified copy of this Order in Felony Case No. 10-F-83-3 and deliver a certified copy of the within Order, by first class mail or other means, unto the following:

Andrea Roberts
Assistant Prosecuting Attorney
301 W. Main Street
Clarksburg, WV 26301

Rocco Mazzei, Esq.
427 W. Pike Street
Clarksburg, WV 26301

David Ballard, Warden
Mount Olive Correctional Complex
1 Mountainside Way
Mt. Olive, WV 25185

Harold      B      , Inmate
Mount Olive Correctional Complex
1 Mountainside Way
Mt. Olive, WV 25185

Rory Perry, Clerk
Supreme Court of Appeals of West Virginia
State Capitol Room E-317
Charleston, WV 25305

ENTER: _____12/14/2015_____

_____
James A. Matish, Circuit Court Judge

10

STATE OF WEST VIRGINIA

COUNTY OF HARRISON, TO-WIT

I, Donald L. Kopp,II, Clerk of the Fifteenth Judicial Circuit and the 18th Family

Court Circuit of Harrison County, West Virginia, hereby certify the foregoing

to be a true copy of the ORDER entered in the above styled action on the

_14th_ day of _December_ , 20 _15_.

IN TESTIMONY WHEREOF, I hereunto set my hand and affix the Seal of the

Court this _15th_ day of _December_ , 20 _15_.

_Donald L. Kopp, II_

Fifteenth Judicial Circuit & 18th

Family Court Circuit Clerk

Harrison County, West Virginia